**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT E. YENDES, Jr.; FRANKLIN GARRETT, Jr., <br><br>            Plaintiffs - Appellants, <br><br>   v. <br><br> TROY RIBAIL, Special Agent of the Federal Bureau of Investigation in his individual capacity; et al., <br><br>            Defendants - Appellees. | No. 11-56152 <br><br> D.C. No. 3:09-cv-01143-L-CAB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted July 24, 2013[**]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Albert E. Yendes, Jr., and Franklin Garrett, Jr., appeal pro se from the

district court's judgment dismissing their action brought under *Bivens v. Six*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that FBI agents violated plaintiffs' Fourth Amendment rights while investigating their operation of "assistance clinics" offering notarized residency documents to Spanish-speaking immigrants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed plaintiffs' claim alleging unlawful seizure because plaintiffs failed to allege facts showing that defendants lacked reasonable suspicion to conduct an investigatory stop. *See Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (investigatory stops are permitted under the Fourth Amendment "when the officer has a reasonable, articulable suspicion that criminal activity is afoot").

Plaintiffs' contentions that the district court erred in addressing qualified immunity at this stage in the proceedings, applied incorrect standards in deciding the motion to dismiss, and improperly considered matters outside the pleadings are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009)

11-56152

(per curiam).

**AFFIRMED.**